IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jonathan Smith, | : | **CASES CONSOLIDATED** |
| | : | |
| Petitioner | : | Nos. 1590 C.D. 2022 |
| | : | 1591 C.D. 2022 |
| v. | : | 1592 C.D. 2022 |
| | : | 1593 C.D. 2022 |
| Unemployment Compensation | : | 1594 C.D. 2022 |
| Board of Review, | : | 1595 C.D. 2022 |
| | : | 1596 C.D. 2022 |
| Respondent | : | Submitted: August 9, 2024 |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  September 11, 2024


Jonathan Smith (Claimant) petitions for review, *pro se*, from seven decisions and orders of the Unemployment Compensation Board of Review (Board),[1] which affirmed seven decisions and orders of an Unemployment Compensation Referee (Referee): (1) denying Claimant's claim for Pandemic Unemployment Assistance (PUA); (2) assessing a non-fraud overpayment of PUA benefits; and (3) assessing a non-fraud overpayment of Federal Pandemic

---

[1] By Order dated October 10, 2023, this Court granted the Board's "Application[s] for Relief in the Form of a Motion for Consolidation of Cases."  As a result of the consolidation, the Board filed two separate certified records - one for the case at Docket No. 1590 C.D. 2022 (C.R. I), and another certified record for the cases at Docket Nos. 1591 C.D. 2022-1596 C.D. 2022 (C.R. II).  For ease of reference, we will, when necessary, cite to both certified records in this opinion.

Unemployment Compensation (FPUC) benefits.  For the reasons that follow, we affirm.

Claimant was working at a restaurant in Medford, New Jersey, until he was forced to quit in September of 2019.  During the time that he worked at the restaurant, Claimant had an "open regular unemployment claim" where he was collecting partial benefits.  Referee's Opinion, 10/5/21, Finding of Fact (F.F.) No. 1;[2] Referee's Hearing, Notes of Testimony (N.T.), 9/29/21, at 9-10.[3]

Claimant found employment at another restaurant and was to begin work in March of 2020; however, Claimant never started the job because of the Pandemic.  Referee's Hearing, N.T. at 11.  Claimant sought regular unemployment compensation benefits, but they were denied.  *Id.*  Claimant then filed for and received PUA benefits.[4]  *Id.* at 12.

On September 1, 2021, a "Pandemic Unemployment Disqualifying Determination" (Disqualifying Determination) was sent to Claimant, reflecting a disqualification period of February 2, 2020, through September 4, 2021, because he had been paid on a Pennsylvania Unemployment Compensation Claim effective February 2, 2020, a Pandemic Emergency Unemployment Compensation Claim effective August 9, 2020, a Pennsylvania Extended Benefits Claim effective November 15, 2020, and a Pandemic Emergency Unemployment Compensation-

---

[2] The Referee's Opinion is found at C.R. I at 145; and C.R. II at 144.

[3] The transcript of the hearing before the Referee is found at C.R. I at 52; and C.R. II at 51.

[4] The Coronavirus Aid, Relief and Economic Security (CARES) Act, 15 U.S.C. §§9001-9141, provided financial assistance to individuals affected by the COVID-19 Pandemic.  Section 2102 of the CARES Act, 15 U.S.C. §9021, made PUA benefits available to individuals who were not eligible for regular unemployment compensation benefits.  The CARES Act further provided that where an individual was eligible for PUA benefits, they were also entitled to supplemental (FPUC) benefits.  Section 2104 of the CARES Act, 15 U.S.C. §9023.

ARP claim effective March 14, 2021.[5]  Referee's Opinion, F.F. No. 2, C.R. II at 284.[6]

The following Notices of Determination were also mailed to Claimant on September 1, 2021:

- A Notice of Determination Non-Fraud PUA overpayment for the weeks February 8, 2020, through March 13, 2021, in the amount of $9,750 because Claimant was paid on a regular unemployment compensation claim;

- A Notice of Determination Non-Fraud PUA Overpayment for the weeks March 20, 2021, through May 29, 2021, in the amount of $2,145 because Claimant was paid on a regular unemployment compensation claim; and

- A Notice of Determination Non-Fraud FPUC Overpayment for the weeks April 4, 2020, through July 25, 2020, in the amount of $10,200 because Claimant was paid on a regular unemployment compensation claim.

Referee's Opinion, F.F. Nos. 3-5; C.R. II at 320, 232, and 366.

On September 9, 2021, the following Notices of Determination were mailed to Claimant:

- A Notice of Determination Non-Fraud FPUC Overpayment for the weeks January 2, 2021,

---

[5] *See* the American Rescue Plan Act of 2021, Pub. L. No. 117-2, 135 Stat. 4, 15 U.S.C. §§ 9001-9013 (extending the availability of FPUC benefits).

[6] A second Disqualifying Determination was also sent to Claimant on September 1, 2021, reflecting a disqualification period of March 14, 2021, through September 4, 2021, for the same reasons set forth above.  C.R. I at 16.  Presumably, the Referee and Board only refer to the Disqualifying Determination for the period February 2, 2020, through September 4, 2021, because it subsumes the entire period at issue in this action.

through March 13, 2021, in the amount of $3,300 because Claimant was paid on a regular unemployment claim; and

- A Notice of Determination Non-Fraud FPUC Overpayment for the weeks March 20, 2021, through May 29, 2021, in the amount of $3,300 because Claimant was paid on a regular unemployment compensation claim.

Referee's Opinion, F.F. No. 6; C.R. II at 186, 14.

Claimant appealed the Disqualifying Determination and the Notices of Determination, and a telephonic hearing was held before the Referee on September 29, 2021. At the hearing, Claimant testified on his own behalf. Claimant did not deny that after he applied for, and received, PUA benefits, he was eventually deemed eligible for, and received, regular unemployment compensation benefits; rather, Claimant's testimony focused on his belief that he had not received all of the regular unemployment compensation benefits to which he was entitled. *See, e.g.*, Referee's Hearing, N.T. at 17-23.

The Referee issued seven separate but largely identical opinions and orders affirming the Disqualifying Determination and Notices of Determination on the basis that Claimant was not entitled to PUA or FPUC because he was eligible for regular unemployment compensation benefits. The Referee found Claimant liable for a non-fraud overpayment of PUA benefits in the amount of $11,895, a non-fraud overpayment of FPUC in the amount of $13,500, and a non-fraud Lost Wage Assistance (LWA) payment in the amount of $1,800.

On appeal, the Board affirmed,[7] adopting and incorporating most of the Referee's findings.[8] The Board's decision acknowledged Claimant's argument that

---

[7] The Board's opinion can be found in C.R. I at 167 and C.R. II at 165.

[8] The Board modified the amount of Claimant's non-fraud FPUC overpayment to $16,800.

4

he did not agree with the overpayment amounts because "he did not receive part of the regular unemployment . . . benefits that prompted the overpayments, specifically, $9[,]600." Board Opinion at 1. The Board emphasized that Claimant's receipt of unemployment compensation benefits was not before the Board and indicated that Claimant "may wish to contact the UC Service Center or the [Pennsylvania] Treasury" to address his concerns. Board Opinion at 1.

On appeal to this Court, Claimant reiterates his argument that he never received a portion of the regular unemployment compensation benefits to which he was entitled. Claimant also claims that certain overpayments should be discharged because he declared bankruptcy.[9]

In response, the Board argues that Claimant has waived all issues on appeal. In the event Claimant's issues have not been waived, the Board contends that its findings were supported by substantial competent evidence and should be affirmed.

In reviewing decisions of the Board, only questions raised before the Board shall be heard or considered. *Hubbard v. Unemployment Compensation Board of Review*, 252 A.3d 1181, 1186 (Pa. Cmwlth. 2021) (quoting Pa.R.A.P. 1551(a)). Based on our review of the record, it is apparent that any argument concerning Claimant's bankruptcy was not raised before the Board. Accordingly, we agree with the Board to the extent it argues that this portion of Claimant's argument has been waived.

Our review will not end here, however. Throughout these proceedings, Claimant has consistently raised the issue that the amount of the PUA and FPUC

---

[9] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

overpayments was incorrect because he did not receive all of the regular unemployment compensation benefits that he was entitled to collect. This argument reflects Claimant's misunderstanding of the nature of these proceedings and the confusion that he, and many like him, face when attempting to decipher the bewildering unemployment compensation process.

At the outset, we emphasize that the only issues before the Court in this case are whether Claimant was *entitled* to PUA/FPUC benefits and, if not, the amount of the PUA/FPUC overpayments Claimant received. Resolution of these issues hinges on whether Claimant was *eligible to receive* regular unemployment compensation benefits, and *not* on the amount of the regular unemployment compensation benefits Claimant *actually received.*

PUA benefits are available through Section 2102 of the CARES Act, 15 U.S.C. §9021. To be eligible for benefits, a claimant must be a "covered individual" who is "unemployed, partially unemployed, or unable to work for the weeks of such unemployment with respect to which the individual is not entitled to any other unemployment compensation . . . or waiting period credit." 15 U.S.C. §9021(b). The CARES Act defines a "covered individual," in relevant part, as someone who "is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation." 15 U.S.C. §9021(a)(3)(A)(i).

FPUC benefits are available through Section 2104 of the CARES Act, 15 U.S.C. §9023. An individual may receive FPUC benefits "with respect to any week for which the individual is (disregarding this section) otherwise entitled under the State law to receive regular compensation." 15 U.S.C. §9023(b)(1). The CARES Act provides that FPUC benefits will be available "with respect to unemployment

benefits described in subsection (i)(2) to the same extent and in the same manner as if those benefits were regular compensation." 15 U.S.C. §9023(g)(1). Under 15 U.S.C. §9023(i)(2)(C), "unemployment benefits" include PUA benefits.

Here, Claimant does not dispute the Board's determination that he was eligible for, and received, regular unemployment compensation benefits and was therefore ineligible for PUA benefits. *See* 15 U.S.C. §9021(a)(3)(A)(i), (b). Furthermore, Claimant does not dispute that because he was ineligible for PUA benefits, he was also ineligible for FPUC benefits. *See* 15 U.S.C. §9023(b)(1), (g)(1), (i)(2)(C). Because Claimant did not challenge the conclusions of the Board, we must affirm the Board's orders.

We empathize with Claimant's frustration and confusion as he attempted to obtain benefits. We repeat the Board's suggestion that Claimant contact his Unemployment Compensation Service Center or the Pennsylvania Treasury to address his concerns that he did not receive all of the regular unemployment compensation benefits he contends he was entitled to collect.[10] Nevertheless, as outlined above, we are constrained to affirm the Board's orders in the instant appeals.

---
MICHAEL H. WOJCIK, Judge

---

[10] Claimant acknowledges that he has sought waivers of his overpayments. Referee's Hearing, N.T. at 30; Claimant's Brief at page 5 (electronic pagination). We encourage him to continue with these efforts as well.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jonathan Smith, | : | **CASES CONSOLIDATED** |
| | : | |
| Petitioner | : | Nos. 1590 C.D. 2022 |
| | : | 1591 C.D. 2022 |
| v. | : | 1592 C.D. 2022 |
| | : | 1593 C.D. 2022 |
| Unemployment Compensation | : | 1594 C.D. 2022 |
| Board of Review, | : | 1595 C.D. 2022 |
| | : | 1596 C.D. 2022 |
| Respondent | : | |

# **O R D E R**

AND NOW, this 11th day of September, 2024, the July 12, 2022, orders of the Unemployment Compensation Board of Review are AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge